# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2010

No. 08-60494

Lyle W. Cayce
Clerk

FRANCES ANDERSON,

Petitioner

v.

JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY,

Respondent

---

Petition for Review of an Order
of the Department of Homeland Security

---

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

DENNIS, Circuit Judge:

Petitioner, Frances Anderson ("Anderson"), seeks review of the Department of Homeland Security's (the "Department") reinstatement of a removal order against her pursuant to  8 U.S.C. § 1231(a)(5). She argues that her petition should be granted because the administrative record fails to establish the necessary predicates for reinstatement of the removal order. We conclude that the record is sufficient and DENY the petition.

## I.

The facts of this case are undisputed. Anderson, a citizen of Nigeria, originally immigrated to the United States in 1982. Within three years of her

entry she was convicted of two crimes, theft and criminal mischief. As a result, an immigration judge ordered her deportation. *See* 8 U.S.C. § 1227(a)(2)(A)(ii) ("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."). The Board of Immigration Appeals dismissed her appeal. Accordingly, in 1994, Anderson agreed to self-deport from the United States.

In 1996, Anderson reentered the United States under a Nigerian passport issued under her new, married, name. At her point of entry, she received an immigration stamp in her passport indicating that she was "admitted" by an immigration official.

In 2008, the Government began proceedings against Anderson seeking to reinstate the earlier removal order against her. 8 U.S.C. § 1231(a)(5) allows an alien to "be removed under the prior [removal] order at any time after the reentry," but only "[i]f the Attorney General finds that [the] alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal." In particular, the implementing regulation for the statute indicates that before reinstating a removal order an immigration officer must determine that: (1) "the alien has been subject to a prior order of removal"; (2) "the alien is in fact an alien who was previously removed, or who departed voluntarily under an order of exclusion, deportation or removal"; and (3) "the alien unlawfully reentered the United States." 8 C.F.R. § 241.8(a).

A Department of Homeland Security official found that Anderson qualified for reinstatement of the removal order against her and she was deported. Anderson was not allowed to appeal this determination internally. 8 C.F.R.

No. 08-60494

§ 241.8(a) ("The alien has no right to a hearing before an immigration judge in such circumstances."). Accordingly, Anderson petitioned this court for review.

She argues that the administrative record is insufficient to support the Department's required finding that she reentered the United States illegally. The only evidence in the record supporting that Anderson unlawfully reentered is a document titled "Notice of Intent/Decision to Reinstate Prior Order." This document asserts that an immigration official "reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal" and concludes that Anderson "is subject to removal through reinstatement of the prior order, in accordance with" 8 U.S.C. § 1231(a)(5).

Anderson acknowledges that the only way in which she could have reentered the country lawfully was if she had first received permission from the Attorney General to apply for readmission. *See* 8 U.S.C. § 1182(a)(9). She does not argue on appeal, nor does she indicate that she claimed below, that she obtained such permission. Instead, Anderson emphasizes that the Department failed to address the "admitted" stamp in her passport. This stamp, she claims, required the Department to make further factual findings before reinstating the prior order of removal.

The Department counters that Anderson's passport stamp does not suggest Anderson lawfully reentered and thus the administrative record is sufficient to reinstate the removal order.

## II.

No decision of this court describes how we review challenges to the sufficiency of the administrative record supporting reinstatement of an order of removal. However, 8 U.S.C. § 1252 provides us jurisdiction to review "orders of removal" and a "[s]cope and standard of review" for such a proceeding. Circuit precedent has held that we have jurisdiction to "to hear [a] petition for review of the reinstatement order" by analogizing "removal orders" to "reinstatement

3

orders" and concluding that because 8 U.S.C. § 1252 provides us jurisdiction over the former, it also does so over the latter. *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 295 (5th Cir. 2002) ("Turning to the issue at hand, a reinstatement order is not literally an 'order of removal' because it merely reinstates a previously issued order of removal or deportation. Nevertheless, reinstatement of Ojeda-Terrazas' previous deportation order is a final order of the INS. A fair interpretation of § 242 [8 U.S.C. § 1252] grants this court the authority to review the lawfulness of the reinstatement order."). In light of this precedent, we conclude that our scope or standard of review of reinstatement orders must be consistent with that articulated in § 1252 for removal orders. *See id.* Such a holding is supported by our sister circuits, which have stated that their review of a reinstatement order is limited by the scope and standards set forth in § 1252. *See Ochoa-Carrillo v. Gonzales*, 437 F.3d 842, 843 (8th Cir. 2006) ("Our review is limited to the agency's certified administrative record. *See* 8 U.S.C. § 1252(b)(4)(A)."); *Bejjani v. I.N.S.*, 271 F.3d 670, 674 (6th Cir. 2001) ("This Court has jurisdiction over Bejjani's petition for review pursuant to INA § 242(b), 8 U.S.C. § 1252(b) [listing "Requirements for review of orders of removal"], which authorizes the courts of appeals to review orders of removal. This provision also applies to orders of reinstatement."), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006); *Batista v. Ashcroft*, 270 F.3d 8, 14 (1st Cir. 2001) (relying on the standards set forth for the "Treatment of nationality claims" in § 1252(b)(5) when considering a challenge to a reinstatement order based on a claim that the alien was a United States citizen).

Therefore, except with regard to "nationality claims," which are governed by a different subsection of the statute, our "scope and standard for review" for challenges to the sufficiency of the administrative record supporting the reinstatement of a removal order includes:

No. 08-60494

(A) the court of appeals shall decide the petition only on the administrative record on which the order of removal is based,
(B) the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,
(C) a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law, and
(D) the Attorney General's discretionary judgment whether to grant relief under section 1158(a) of this title shall be conclusive unless manifestly contrary to the law and an abuse of discretion.

8 U.S.C. § 1252(b)(4). These rules are sufficient to resolve the instant case.

### III.

As a threshold matter, we agree with the Department that Anderson's 1996 passport stamp does not suggest Anderson lawfully reentered. The passport stamp, which simply indicates she was admitted through an immigration check point, is not evidence that the Attorney General consented to Anderson applying for readmission. *See* 8 U.S.C. § 1225 (providing immigration officers' powers of inspection and not listing the power to consent on behalf of the Attorney General to an alien applying for readmission). *See also United States v. Trevino-Martinez*, 86 F.3d 65, 68 (5th Cir. 1996) ("Typically, an alien obtains such consent by securing a written authorization from the Immigration and Naturalization Service . . . permitting him to reenter this country."); *United States v. Gay*, 7 F.3d 200, 200-01 (11th Cir. 1993) (noting that, although the defendant was mistakenly allowed to reenter the United States through an immigration check point, the reentry was illegal because the defendant had not obtained permission from the Attorney General to reenter the United States). Therefore, the stamp neither establishes that Anderson lawfully reentered nor requires the Department to perform further factual findings before reinstating the removal order. *See* 8 C.F.R. § 241.8(a)(3) (noting that an immigration officer is required to "attempt to verify" that an alien was not

No. 08-60494

lawfully admitted only when the alien is able to assert a "claim . . . that he or she was lawfully admitted").

Because Anderson neither points to nor produced any other evidence demonstrating that the Department's finding of fact was inaccurate, we are compelled to deny the petition. The administrative record clearly asserts that based on the evidence before her, the immigration officer found that Anderson satisfied each condition required for reinstatement of an order of removal, including that she unlawfully reentered. Under the "scope and standard of review" dictated by 8 U.S.C. § 1252(b)(4)(B), we are bound to hold this finding "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." While nothing in the administrative record supports the Department's finding, nothing introduced before the Department or on appeal contradicts it either. Without some affirmative evidence undermining this finding, our hands are tied.

## IV.

For the foregoing reasons, we DENY Anderson's petition.