# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60421
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2017

Lyle W. Cayce
Clerk

RAFAEL MARTINEZ-RODRIGUEZ,

Petitioner

v.

ELAINE C. DUKE, ACTING SECRETARY, DEPARTMENT OF HOMELAND
SECURITY,

Respondent

Petition for Review of an Order
of the Department of Homeland Security
DHS No. A036 421 288

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

Rafael Martinez-Rodriguez (Martinez) petitions for review of an order of
the Department of Homeland Security (DHS) reinstating his prior deportation
order pursuant to 8 U.S.C. § 1231(a)(5).  Martinez contends that (1) he
reentered lawfully and the immigration officer violated a reinstatement
regulation by failing to verify his claim that he had been admitted lawfully;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-60421

(2) the immigration officer violated his right to due process during the reinstatement proceeding; and (3) reinstatement constituted a gross miscarriage of justice because he was not removable as charged originally.

There is nothing in the administrative record demonstrating that Martinez applied for and obtained express consent to reapply for admission before he reentered, and Martinez does not argue that he applied for or obtained such express consent. Nor does he argue that the border patrol agent's permission to enter the United States was tantamount to the requisite express consent to reapply for admission. His argument, unsupported by the record, that he was admitted through the port of entry does not compel a conclusion that his reentry was not illegal. *See Anderson v. Napolitano*, 611 F.3d 275, 278 (5th Cir. 2010); *Avalos-Martinez v. Johnson*, 560 F. App'x 385, 388-89 (5th Cir. 2014).

Relying on facts outside of the administrative record, Martinez contends that he was denied due process during the reinstatement proceeding. Aliens do have a Fifth Amendment right to due process in reinstated removal proceedings, *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002), but an alien must make an initial showing of substantial prejudice to prevail on a due process challenge, *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004). Martinez has not shown that the result in this case would be different if he had been given the procedural safeguards he seeks, so his due process challenge fails. *See Ojeda-Terrazas*, 290 F.3d at 302.

Martinez has not shown a gross miscarriage of justice, leaving this court without authority to review his prior removal order. *See Martinez v. Johnson*, 740 F.3d 1040, 1042 (5th Cir. 2014); *Ramirez-Molina v. Ziglar*, 436 F.3d 508 513-14 (5th Cir. 2006).

The petition for review is DENIED.