12-123-ag
Shunaula v. Holder

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2013

(Submitted: August 29, 2013     Decided: October 16, 2013)

Docket No. 12-123

WALTER MANUEL SHUNAULA, MERCEDES DEL CISNE CABRERA
QUEVEDO, WALTER STEEVEN SHUNAULA CABRERA,

*Petitioners*,

v.

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*.[*]

Before:

RAGGI, LYNCH, and LOHIER, *Circuit Judges*.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Petitioners seek review of an order of the Board of Immigration Appeals ("BIA") finding them ineligible for adjustment of status due to Walter Manuel Shunaula's inadmissibility under section 212(a)(6)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(C)(i), for having sought admission to the United States by fraud or willful misrepresentation of a material fact. Section 242(a)(2)(A) of the Act, 8 U.S.C. § 1252(a)(2)(A), deprives us of jurisdiction to hear Shunaula's due process challenge to the 1997 order of expedited removal underlying the BIA's finding of ineligibility for adjustment of status.

DISMISSED.

---

JAMES A. WELCOME, ESQ., Waterbury, Connecticut, *for Petitioners*.

SARA J. BERGENE (Stuart F. Delery, Principal Deputy Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Senior Litigation Counsel, and Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C., *for Respondent*.

---

REENA RAGGI, CIRCUIT JUDGE:

Walter Manuel Shunaula ("Shunaula"), his wife Mercedes del Cisne Cabrera Quevedo, and their son Walter Steeven Shunaula Cabrera, natives of Ecuador,

petition for review of a December 16, 2011 order of the Board of Immigration Appeals ("BIA"), affirming the March 10, 2010 decision of Immigration Judge Michael W. Straus (the "IJ"), which denied petitioners' application for adjustment of status and ordered them removed to Ecuador. See In re Walter Manuel Shunaula, Mercedes del Cisne Cabrera Quevedo, Walter Steeven Shunaula Cabrera, Nos. A075 861 761, 097 144 499/498 (B.I.A. Dec. 16, 2011) ("BIA Decision"), aff'g Nos. A075 861 761, 097 144 499/498 (Immig. Ct. Hartford, Conn. Mar. 10, 2010) ("IJ Decision"). Shunaula submits that the agency erred in finding him ineligible for adjustment of status based on an earlier 1997 order of removal because that order was entered in violation of due process. We conclude that section 242(a)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(A), deprives us of jurisdiction to hear these petitions.[1] Accordingly, we order the petitions dismissed.[2]

---

[1]Henceforth in this opinion, we refer to provisions of the Immigration and Nationality Act only by their United States Code sections.

[2]Because the petitions of Shunaula's wife and son are entirely derivative, our jurisdictional conclusion as to Walter Shunaula applies equally to all three petitioners.

## I. Background

### A. The 1997 Removal

On December 13, 1997, Shunaula attempted to enter the United States at Miami, Florida, on a tourist visa. Officers of the then-existing Immigration and Naturalization Service ("INS") searched Shunaula and found a counterfeit green card and social security card in his wallet. Shunaula admitted knowing that these documents were counterfeit and disclosed that he had ordered them by mail in Ecuador. The INS issued an order of expedited removal pursuant to 8 U.S.C. § 1225(b)(1),[3] and Shunaula was returned to Ecuador the following day. Four months later, in April 1998, Shunaula entered the United States illegally and has remained here since.

On August 13, 2007, the INS's successor agency, the United States Citizenship and Immigration Services ("USCIS"), issued Shunaula a Notice to Appear, charging that he was removable pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) as an alien who had previously sought admission to the United States through fraud or

---

[3]Title 8 U.S.C. § 1225(b)(1)(A)(i) states that an alien found inadmissible by reason of, inter alia, having sought admission to the United States through fraud or misrepresentation, see id. § 1182(a)(6)(C)(i), "shall" be ordered removed "without further hearing or review" unless the alien indicates that he fears persecution or intends to apply for asylum.

misrepresentation, and pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without admission or parole.

Appearing before the IJ in 2010, Shunaula acknowledged that he had sought to enter the United States in possession of false documents in 1997, but asserted that he had neither been told during his expedited removal proceedings that there would be future restrictions on his ability to reenter the United States, nor informed of any right to retain counsel. His counsel stated that the expedited removal order was invalid and improper inasmuch as Shunaula had possessed a valid visa at the time of his 1997 entry. The IJ concluded that he was not in a position to entertain a collateral attack on the 1997 expedited removal order. The IJ ruled that Shunaula was (1) inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II), which renders inadmissible any alien who enters the United States illegally after having been ordered removed pursuant to, inter alia, an order of expedited removal; and therefore (2) ineligible for adjustment of status. See IJ Decision at 5–6, Admin. R. 65–66 (citing Delgado v. Mukasey, 516 F.3d 65 (2d Cir. 2008) (holding ineligible for adjustment of status alien who was inadmissible due to reentry after prior removal)).

On appeal to the BIA, Shunaula pressed the argument that his 13-year-old expedited removal order was improper because he possessed a valid visa at the time

of his Miami entry. The BIA concluded that "no jurisdiction lies for us (or the Immigration Judge) to address this argument now," and affirmed the IJ's removal order. BIA Decision at 2, Admin. R. 4.

Before this court, Shunaula argues that his 1997 expedited removal violated due process because (1) he was searched at the airport and held against his will despite having a valid tourist visa; (2) he was charged with having sought to enter the United States through fraud or willful misrepresentation when he had made no misrepresentation and intended none; (3) he was not advised that he was in an expedited removal proceeding or given an opportunity to contest the government's allegations; (4) he was not given the opportunity to consult a lawyer; and (5) the only document he signed was in English, a language he does not understand.

## II.  Discussion

Before reaching the merits of Shunaula's petition, we must determine whether we have jurisdiction to review it. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (reiterating that courts have independent obligation to determine whether subject-matter jurisdiction exists).

6

Title 8 U.S.C. § 1252(a)(2)(A), which establishes the jurisdiction of courts to hear challenges to the expedited removal proceedings set forth in 8 U.S.C. § 1225(b)(1), states as follows:

> Notwithstanding any other provision of law . . . no court shall have jurisdiction to review--
>> (i) except as provided in subsection (e) of this section, any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,
>> (ii) except as provided in subsection (e) of this section, a decision by the Attorney General to invoke the provisions of such section,
>> (iii) the application of such section to individual aliens, including the determination [whether an alien has a credible fear of persecution], or
>> (iv) except as provided in subsection (e) of this section, procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

Title 8 U.S.C. § 1252(e)(2) provides for limited judicial review of expedited removal orders in habeas corpus proceedings, and § 1252(e)(3) provides for review of constitutional challenges to the validity of the expedited removal system and statutory challenges to its implementing regulations and written policies.[4] But

---

[4]Section 1252(e)(3)(A), states as follows:

> Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of--

otherwise § 1252(a)(2)(A) deprives this court of jurisdiction to hear challenges relating to the Attorney General's decision to invoke expedited removal, his choice of whom to remove in this manner, his "procedures and policies," and the "implementation or operation" of a removal order. Shunaula's challenge falls within this jurisdictional bar because he alleges illegality in the Attorney General's particular decision to remove him and in the specific way his removal was carried out. He does not challenge the expedited removal system generally, its implementing regulations, or any written policies.[5]

---

> (i) whether such section, or any regulation issued to implement such section, is constitutional; or
>
> (ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

[5]It does not matter that Shunaula is not attempting to appeal directly from an expedited order of removal but, rather, seeks to attack such an order collaterally as part of an appeal from a subsequent order of removal entered in ordinary proceedings after he returned to the United States. The jurisdictional bar of § 1252(a)(2)(A) precludes us from hearing not only appeals from expedited orders of removal, but also "any other cause or claim . . . relating to" the implementation of such orders. Shunaula's appeal from the current order of removal is based entirely on the claimed invalidity of the earlier order of removal entered in expedited proceedings. It thus rests on a claim that "relate[s] to" that prior order, and we therefore lack jurisdiction to consider that claim.

Shunaula contends that, pursuant to <u>United States v. Mendoza-Lopez</u>, 481 U.S. 828 (1987), due process requires that he be afforded an avenue for review of the expedited removal order. The holding in <u>Mendoza-Lopez</u> is not so broad. The Supreme Court there held that "where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be <u>some</u> meaningful review of the administrative proceeding." <u>Id.</u> at 837–38 (emphasis in original). The Court concluded that "[d]epriving an alien of the right to have the disposition in a deportation hearing reviewed in a judicial forum requires, at a minimum, that review be made available in any subsequent proceeding in which the result of the deportation proceeding is used to establish an element of a criminal offense." <u>Id.</u> at 839; <u>accord</u> <u>United States v. Sosa</u>, 387 F.3d 131, 136 (2d Cir. 2004).[6] Here the government does not seek to use Shunaula's 1997 expedited removal as "an element of a criminal offense," <u>United States v. Mendoza-Lopez</u>, 481 U.S. at 839, but only as the basis for a finding of inadmissibility. Thus,

---

[6]The Supreme Court's decision in <u>Mendoza-Lopez</u> has been "effectively codified" by statute. <u>United States v. Lopez</u>, 445 F.3d 90, 94 (2d Cir. 2006); <u>see</u> 8 U.S.C. § 1326(d) (providing for collateral attack on underlying deportation order in prosecution for illegal reentry).

Shunaula cannot rely on Mendoza-Lopez to override the jurisdictional bar erected

by § 1252(a)(2)(A) in this case.[7]

Insofar as Shunaula argues that his challenge falls within the exception

created by § 1252(e)(3) for "systemic" challenges to the expedited removal process,

we are not persuaded.[8] Shunaula introduced no evidence before the IJ, and makes

no argument on appeal, regarding the general nature of the expedited removal

system. He argues only that due process was violated in his particular expedited

removal proceeding, a complaint that does not fall within § 1252(e)(3). Even if

Shunaula's complaint could be viewed as systemic, however, such a challenge can

be brought only in the United States District Court for the District of Columbia. See

supra n.4 (quoting 8 U.S.C. § 1252(e)(3)(A)). This action did not originate there.

In concluding that § 1252(a)(2)(A) bars our review of Shunaula's claim, we join

every other circuit to have considered this matter. See Khan v. Holder, 608 F.3d 325,

329–30 (7th Cir. 2010) (holding that, under § 1252(a)(2)(A), court "lack[s] jurisdiction

---

[7]We need not—and do not—decide here whether a defendant charged with illegal reentry following expedited removal would ever be able to challenge collaterally his removal proceedings pursuant to Mendoza-Lopez and 8 U.S.C. § 1326(d), despite the § 1252(a)(2)(A) jurisdictional bar.

[8]In an apparent clerical error, Shunaula refers in his brief to "8 U.S.C. Section 1252(C)(3)," Pet'r's Br. 17, but the United States Code contains no such provision, and the context makes clear that it is § 1252(e)(3) to which Shunaula refers.

10

to inquire whether the expedited removal procedure to which the Khans were subjected was properly invoked"); <u>Garcia de Rincon v. DHS</u>, 539 F.3d 1133, 1138–39 (9th Cir. 2008) (holding that § 1252(a)(2)(A) presents jurisdictional bar to collateral attack on expedited removal order); <u>Lorenzo v. Mukasey</u>, 508 F.3d 1278, 1281 (10th Cir. 2007) (same).

## III.   <u>Conclusion</u>

To summarize, we conclude that 8 U.S.C. § 1252(a)(2)(A) deprives this court of jurisdiction to hear Shunaula's collateral attack on his order of expedited removal and, therefore, to hear the derivative claims of his wife and son.

Accordingly, the petitions for review are hereby DISMISSED for lack of jurisdiction.