Tapia v. Holder

DHS
A091 585 189

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand fourteen.

PRESENT: GUIDO CALABRESI,
BARRINGTON D. PARKER,
GERARD E. LYNCH,
*Circuit Judges.*

_____

ALBERTO TORRES TAPIA, AKA LABERTO TORRES,
*Petitioner*,

v.                                                                13-1451

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:            Robert Andre Cini, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
General; Luis E. Perez, Assistant Director;
Francis W. Fraser, Senior Litigation
Counsel, Office of Immigration Litigation
Civil Division, United States Department of
Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of an action of the Department of Homeland Security ("DHS"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alberto Torres Tapia, a native and citizen of Mexico, seeks review of an April 3, 2013 order of DHS reinstating his prior expedited removal order. In re Alberto Torres Tapia, No. A091 585 189 (DHS Apr. 3, 2013). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision.

Pursuant to Immigration and Nationality Act ("INA") § 235 (codified at 8 U.S.C. § 1225), an arriving alien who does not express a fear of persecution may be removed from the United States, without further hearing, if an immigration officer determines that the alien is inadmissible because he (1) seeks to procure admission to the United States by fraud or willful misrepresentation; or (2) does not possess valid entry documents. INA § 235(b)(1)(A)(i). We lack "jurisdiction to hear challenges relating to the Attorney General's decision to invoke expedited removal, his choice of whom to remove in this manner, his 'procedures and policies' and the 'implementation or operation' of a removal order." Shunaula v. Holder, 732 F.3d 143, 146 (2d Cir. 2013) (quoting 8 U.S.C. § 1252(a)(2)(A)).

Under INA § 241(a)(5) (codified at 8 U.S.C. § 1231(a)(5)), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." We have accorded Chevron deference to the agency's regulatory interpretation of § 241(a)(5), under which reinstatement is automatic upon a determination that (1) the alien is the same person against whom the prior removal order had been entered; and (2) the alien had unlawfully reentered the country.

2

Garcia-Villeda v. Mukasey, 531 F.3d 141, 148-49 (2d Cir. 2008).[1] Tapia does not contest those underlying determinations.

Tapia contends that INA § 241(a)(5), as amended by § 305(a)(3) of the Illegal Immigration Reform and Responsibility Act of 1996 ("IIRIRA") (effective April 1, 1997), is impermissibly retroactive as applied to him because it impairs his vested right to receive an adjudication, or file an appeal from the denial, of his pending pre-IIRIRA application for temporary resident status. Even if we assume *arguendo* that Tapia's post-IIRIRA expedited removal order and post-IIRIRA reentry do not foreclose his retroactivity argument, there is no record support for Tapia's assertion, because his Form I-213 (Record of Deportable/Inadmissible Alien) reflects no pending appeals or applications for relief at the time of his order's reinstatement. Rather, as Tapia concedes, it was the issuance of the 1999 expedited removal order, and not the later application of § 241(a)(5) to reinstate that order, that prevented adjudication (or appellate review of the denial) of his application for temporary resident status. See Pet'r's Br. at 26 (acknowledging that "Tapia's removal to Mexico in 1999 negated any vested rights he might have had in having his I-687 application adjudicated by INS, of filing an appeal if his application were denied"). Because we lack jurisdiction to review Tapia's 1999

_____

[1] Although the statute refers to the "Attorney General," the Homeland Security Act of 2002 transferred authority to commence removal proceedings from the Immigration and Naturalization Service, which was part of the Department of Justice, to the Secretary of DHS. The Homeland Security Act also provides that, where functions are transferred by the Act to DHS, statutory references to the authority that was formerly responsible for those functions will be deemed to refer to DHS. See 6 U.S.C. § 557 ("With respect to any function transferred by or under this chapter[,] . . . reference in any other Federal law to any department, commission, or agency or any officer or office the functions of which are so transferred shall be deemed to refer to the Secretary, or other official, or component of the Department to which such function is so transferred.").

3

expedited removal order, regardless of application of § 241(a)(5), see Shunaula, 732 F.3d at 146, Tapia has failed to demonstrate that § 241(a)(5) is impermissibly retroactive as applied to him. Put differently, "regardless of the process afforded in the underlying order, reinstatement of the prior deportation order [did] not alter [Tapia's] legal condition" with respect to his prior pending application. Garcia-Villeda, 531 F.3d at 150 (internal quotation marks omitted).

Finally, because we must "decide the petition only on the administrative record on which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A), Tapia's request that we remand the case for further development of the administrative record is denied as futile.

We have considered all of Tapia's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4