13-4052-ag
*Mendoza Becerril v. Holder*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand fifteen.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge,*
    AMALYA L. KEARSE,
    REENA RAGGI,
        *Circuit Judges.*

_____

CESAR MENDOZA BECERRIL,

            *Petitioner*,

        v.

                                            No. 13-4052-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

            *Respondent*.

_____

FOR PETITIONER:             GLENN L. FORMICA (Elyssa Williams, *on the brief*), Formica Williams, P.C., New Haven, CT.

1

FOR RESPONDENT: JAMES A. HURLY (Joyce R. Branda, Acting Assistant Attorney General; Kiley Kane, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of an order of the Department of Homeland Security ("DHS"), it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED** in part and **DISMISSED** in part.

Petitioner Cesar Mendoza Becerril, a native and citizen of Mexico, seeks review of an October 4, 2013, DHS order reinstating his 1999 order of expedited removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

The DHS "shall" remove "[a]n alien who illegally reenters the United States after having been removed, or having departed voluntarily, while under an order of . . . removal[,] . . . by reinstating the prior order." 8 C.F.R. § 1241.8(a); *see also* 8 U.S.C. § 1231(a)(5). Therefore, the DHS need only (1) confirm the alien's identity; (2) determine "[w]hether the alien has been subject to a prior order of removal"; and (3) determine "[w]hether the alien unlawfully reentered the United States." 8 C.F.R. § 1241.8(a). Becerril does not contest the agency's determination that he left the United States under an order of removal and thereafter illegally reentered. He thus waives any challenge to the reinstatement order itself. *See, e.g.*, *Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

Instead, Mendoza argues that there was never a valid underlying removal order to reinstate. But the reinstatement provision, 8 U.S.C. § 1231(a)(5), prohibits collateral attacks on prior removal orders. Once reinstated, the underlying order "is not subject to being reopened or reviewed" in a subsequent appeal of the reinstatement. 8 U.S.C. § 1231(a)(5). This provision

2

"prohibits us from giving [a] petitioner a second bite at the apple." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 150 (2d Cir. 2008).

Moreover, Becerril was initially ordered removed by way of an order of expedited removal, *see* 8 U.S.C. § 1225(b)(1)(A)(i). There is no judicial review of orders of expedited removal, except in habeas corpus proceedings and to decide questions not at issue here. *See* 8 U.S.C. § 1252(a)(2)(A), (e); *see also Shunaula v. Holder*, 732 F.3d 143, 146–47 (2d Cir. 2013). Accordingly, because § 1252(a)(2)(A) and (e) strip us of jurisdiction to consider claims arising out of the underlying order where that order is one of expedited removal, we cannot reach Becerril's argument that the underlying order violates the extradition treaty between the United States and Mexico or international law.

We have considered all of Becerril's remaining arguments and we find them to be without merit. For the foregoing reasons, the petition for review is **DENIED** as to the October 2013 reinstatement order and **DISMISSED** as to the underlying order of expedited removal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3