[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-13920
Non-Argument Calendar

————————————————

Agency No. A200-614-904

ALVARO VAZQUEZ-RAMIREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(September 5, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alvaro Vazquez-Ramirez petitions this Court for review of (1) the

Department of Homeland Security's ("DHS") order reinstating an earlier order for

his expedited removal and (2) the Immigration Judge's ("IJ") finding that

Vazquez-Ramirez did not have a reasonable fear of suffering persecution or torture if he were returned Mexico.  After careful consideration, we deny Vazquez-Ramirez's petition in part and dismiss it in part.

I.

Vazquez-Ramirez, who is a Mexican citizen, entered the United States on January 11, 2011.  He was arrested the next day.  A DHS border patrol agent determined he was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because he entered the United States without a valid entry document.  Three days later, DHS removed Vazquez-Ramirez to Mexico under an expedited order of removal dated January 12, 2011, which had been the date of his arrest.  See id. § 1225(b)(1)(A)(i).  Over the following months, Vazquez-Ramirez entered the United States and was removed back to Mexico four more times.

Then again, in August 2011, Vazquez-Ramirez entered the United States.  He was not arrested by immigration officials until April 2015.  After that arrest, DHS reinstated his January 12, 2011 expedited removal order under 8 U.S.C. § 1231(a)(5).  This time, Vazquez-Ramirez expressed a fear of returning to Mexico.  A DHS asylum officer conducted a reasonable fear interview with Vazquez-Ramirez, and the asylum officer found Vazquez-Ramirez had no reasonable fear of persecution or torture.  See 8 C.F.R. § 208.31.

Vazquez-Ramirez requested that the asylum officer's determination be reviewed by an IJ.  At a hearing before an IJ, Vazquez-Ramirez explained that, in December 2010, he was at a party in Mexico when drug traffickers beat him because he intervened while they were beating his cousin.  The next day, Vazquez-Ramirez and his brother filed a police report about the beating.  Vazquez-Ramirez told the IJ that the police in Mexico work for the drug traffickers.  However, the police did arrest two relatives of the assailants.  Vazquez-Ramirez also said that after those arrests, the assailants threatened him, and even tried to run him over with their car.  Vazquez-Ramirez also told the IJ that he was once detained by police in Mexico because they assume that people who have tattoos are criminals.  The IJ asked Vazquez-Ramirez about his brother, and Vazquez-Ramirez responded that his brother lives in a different part of Mexico now.  He also said he too could go to a different part of Mexico "if nobody noticed that [he] was in Mexico."

At the end of the hearing, the IJ affirmed the asylum officer's decision.  The IJ explained that the people Vazquez-Ramirez feared in Mexico were likely motivated by the fact that he reported them to the police, and not by his race, religion, or politics.  The IJ also said that Vazquez-Ramirez could move to a different part of Mexico like his brother did.  Next, the IJ found that while some police in Mexico may be corrupt, Vazquez-Ramirez did not show that they were all corrupt in light of the arrests they made in connection with his beating.  Last, the IJ

3

observed that police question people with tattoos because many gang members have tattoos. He said that such questioning may qualify as harassment, but not persecution. In his written order, the IJ found that Vazquez-Ramirez failed to show a "nexus to a protected ground" or "evidence of [government] acquiescence."

Vazquez-Ramirez now petitions this Court for review of the IJ's decision.[1]

## II.

In his petition, Vazquez-Ramirez argues: (1) the January 12, 2011 removal order violated his due process rights; (2) he should be allowed to apply for asylum; and (3) the IJ erred in affirming the asylum officer's determination that Vazquez-Ramirez did not have a reasonable fear of persecution or torture if returned to Mexico. We address each argument in turn.

## A.

To begin, Vazquez-Ramirez argues the January 12, 2011 expedited removal order violated his due process rights. He says he should be allowed to collaterally attack the January 12, 2011 order underlying the April 2015 reinstatement of that order now before this Court on appeal. In fact, he seeks to attack only the January 12, 2011 order, and not the April 2015 order. However, we lack jurisdiction to review the January 12, 2011 order.

---

[1] When an IJ affirms an asylum officer's reasonable fear determination, the IJ's decision is not appealable to the Board of Immigration Appeals. 8 C.F.R. § 208.31(g)(1). As a result, the reinstatement of removal order is a final order, subject to review by this Court. See Jimenez-Morales v. U.S. Att'y Gen., 821 F.3d 1307, 1308 (11th Cir. 2016).

"We review <u>de novo</u> our own subject matter jurisdiction." <u>Avila v. U.S.</u> <u>Att'y Gen.</u>, 560 F.3d 1281, 1283 (11th Cir. 2009) (per curiam). In this case, the January 12, 2011 order was an expedited removal order under 8 U.S.C. § 1225(b)(1). Judicial review of an order like this is limited to narrow circumstances that do not apply here. <u>Id.</u> §§ 1252(a)(2)(A)(1), (e)(2) & (3); <u>see</u> <u>also</u> <u>Shunaula v. Holder</u>, 732 F.3d 143, 147 (2d Cir. 2013) (joining "every other Circuit to have considered this matter" in holding that courts lack jurisdiction to review a collateral attack on an expedited removal order). As a result, we lack jurisdiction to consider Vazquez-Ramirez's collateral attack on the January 11, 2011 expedited order of removal. We therefore dismiss this part of his petition.

## B.

Vazquez-Ramirez next argues he should be allowed to apply for asylum. Our precedent forecloses this argument.

The statute that provides for reinstatement of removal orders says aliens subject to such an order "may <u>not</u> apply for any relief under this chapter." 8 U.S.C. § 1231(a)(5) (emphasis added). In <u>Jimenez-Morales</u>, this Court held that "relief under this chapter" includes asylum. 821 F.3d at 1310. As set out above, in April 2015, DHS reinstated the January 12, 2011 removal order against Vazquez-Ramirez. As a result, § 1231(a)(5) bars Vazquez-Ramirez from applying for asylum. <u>See id.</u> His request to apply for asylum is therefore dismissed. <u>See</u>

5

Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1258 (11th Cir. 2011) ("Under the prior panel precedent rule, we are bound by earlier panel holdings unless and until they are overruled en banc or by the Supreme Court." (quotation omitted and alteration adopted)).

## C.

Last, Vazquez-Ramirez challenges the IJ's reasonable fear determination. He says he is eligible to apply for withholding of removal under 8 U.S.C. § 1231(b)(3)(A) and the Convention Against Torture, 8 C.F.R. § 208.16(c).[2] Vazquez-Ramirez argues the IJ erred in denying he had a reasonable fear of being persecuted by drug dealers because he is "a tattooed family member who was beaten up by drug dealers as he defended his cousin." He also says the Mexican government would acquiesce in his torture because its police force would "turn[] a blind eye" to his persecution.

## 1.

The parties dispute the standard by which this Court should review the IJ's reasonable fear determination. Vazquez-Ramirez asks us to review it under the more stringent substantial evidence standard, while the government says it need only be facially legitimate and for a bona fide reason. We need not decide which

---

[2] An alien subject to a reinstatement of a removal order can be eligible for withholding of removal if he expresses a reasonable fear of persecution or torture in the country to which he will be removed. 8 C.F.R. § 241.8(e); see id. § 208.31.

standard of review applies, however, because under either standard the IJ's decision passes muster. Under the more stringent substantial evidence standard, we affirm an IJ's decision if it "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v. U.S. Att'y Gen., 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted). This standard is "highly deferential," and we will reverse only if "the evidence compels a reasonable fact finder to find otherwise." Id.

### 2.

A petitioner can prove he is eligible for withholding of removal under § 1231(b)(3)(A) through showing "his life or freedom would be threatened in his country of origin" because of his "race, religion, nationality, membership in a particular social group, or political opinion." Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1308 (11th Cir. 2013) (per curiam). A petitioner can satisfy his burden of proof in two ways: (1) He can show he was persecuted in the past based on a protected ground, which creates a rebuttable presumption "that his life or freedom would be threatened upon return to his country." Id. (2) He can show "it is more likely than not" that he will be persecuted in the future based on a protected ground. Id. "The risk of persecution alone does not create a particular social group within the meaning of" § 1231(b)(3)(A). Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1198 (11th Cir. 2006). Instead, a "particular social group" is

composed of "persons who share a common, immutable characteristic that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." Rodriguez, 735 F.3d at 1310 (quotation omitted).

As for past persecution, Vazquez-Ramirez argues he was beaten and threatened by drug traffickers because he was a tattooed family member who defended his cousin. However, he fails to establish that he was persecuted because of his membership in a protected social group. The IJ found the drug traffickers were likely motivated to harm Vazquez-Ramirez because he reported them to the police. The record supports this conclusion. Vazquez-Ramirez told the IJ the drug traffickers were upset with him because he filed a police report, which led to arrests of the drug traffickers' relatives. This does not constitute persecution on the basis of his membership in a particular social group. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) (per curiam) ("[E]vidence that either is consistent with acts of private violence . . . or that merely shows that a person has been the victim of criminal activity[] does not constitute evidence of persecution based on a statutorily protected ground."). The IJ's decision is therefore supported by substantial evidence.

As for future persecution, Vazquez Ramirez argues these same drug traffickers will continue to harass him. However, "[a]n alien cannot demonstrate"

8

future persecution "if the IJ finds that the alien could avoid a future threat by relocating to another part of his country." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Here, the IJ found Vazquez-Ramirez could avoid possible future persecution by moving to a different part of Mexico like his brother did. This finding is supported by the record. Vazquez-Ramirez told the IJ his brother lived in a different part of Mexico, and that he could also go to a different part of Mexico "if nobody noticed" he was there. The record therefore does not compel reversal of the IJ's ruling under 8 U.S.C. § 1231(b)(3)(A). See Antipova, 392 F.3d at 1261.

## 3.

Finally, to qualify for relief under the Convention Against Torture, a petitioner must show "it is more likely than not that he [] would be tortured" in the country to which he is removed with the "acquiescence of" government authorities. Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004) (quotation omitted). Here, Vazquez-Ramirez says the government would turn a blind eye to his persecution. However, the IJ found the police did make arrests when he reported being beaten, which suggests they did not acquiesce in his alleged persecution. The record is consistent with the IJ's finding. Vazquez-Ramirez told the IJ that in response to his filing a police report, the police arrested relatives of his assailants. The IJ's decision denying Vazquez-Ramirez relief under

the Convention Against Torture is therefore supported by substantial evidence.

See id. at 1243 (holding that a police investigation that failed to result in arrests

was not enough to show government acquiescence).

**DENIED IN PART AND DISMISSED IN PART.**