**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MELIDA TERESA LUNA-GARCIA,

    Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

    Respondent.

No. 14-9569

_____

**ORDER**
_____

Before **BRISCOE**, Chief Judge, **MATHESON** and **MCHUGH**, Circuit Judges.
_____

Melida Teresa Luna-Garcia petitions for review of an order of removal that was reinstated by the Department of Homeland Security (DHS) on July 11, 2014. During the reinstatement process, Luna-Garcia expressed fear that she would be harmed if returned to her home country, and she was referred to an asylum officer for a reasonable fear hearing. The government has moved to dismiss the petition for review for lack of jurisdiction, arguing that the ongoing reasonable fear proceedings render the reinstated removal order nonfinal. For her part, Luna-Garcia agrees that the reinstated removal order is not final in these circumstances and asks the court to directly address this

question of first impression in our circuit to provide clarity to other would-be-petitioners in similar situations.[1]  We now take up the question.

## I.

Reinstatement of removal is a summary removal process that applies with limited exceptions to aliens who return to the United States illegally after having been removed under a prior order of removal.  *See* 8 U.S.C. § 1231(a)(5).  In the reinstatement process, an immigration officer from DHS interviews the alien and confirms that the requirements for reinstatement are met: (1) the alien was subject to a prior order of removal; (2) the identity of the alien; and (3) the alien unlawfully reentered the United States.  8 C.F.R. § 241.8(a).  If the requirements for reinstatement are met, "the alien shall be removed" under the previous order of removal.  § 241.8(c).  The reinstatement is not appealable to the Board of Immigration Appeals (BIA).  *See* 8 U.S.C. § 1231(a)(5) (providing that the order of removal is reinstated "and is not subject to being reopened or reviewed"); *see also generally* 8 C.F.R. § 241.8 (which does not provide for an appeal to the BIA).

However, if an alien whose prior order of removal has been reinstated expresses a fear of returning to her home country, the alien is referred to an asylum officer to determine whether the alien has a reasonable fear of persecution or torture.  8 C.F.R. § 241.8(e).  Through this process, the alien may eventually obtain relief from the reinstated

---

[1] In *G.S. v. Holder*, 373 F. App'x 836, 840 (10th Cir. Apr. 15, 2010) (unpublished), we assumed without deciding that the alien's pursuit of relief in reasonable fear proceedings rendered the removal order at issue in that case (a Final Administrative Removal Order) nonfinal at the time the petition for review was filed but concluded that the completion of the reasonable fear process cured any jurisdictional defect in the petition due to prematurity.

removal order in the form of withholding of removal. *See generally* § 208.31. DHS cannot execute the reinstated removal order until the reasonable fear and withholding of removal proceedings are complete. §§ 208.1(a) and 208.5(a) (together providing that an alien shall not be removed before a decision is rendered on her application for withholding of removal); *see also* 8 U.S.C. § 1231(b)(3) (providing that the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country due to one of the enumerated grounds). If the alien obtains relief in the reasonable fear proceedings, the reinstated removal order is not vacated or withdrawn; only its execution is withheld. *See Matter of I-S- & C-S-*, 24 I&N Dec. 432, 433-34 (BIA 2008) (holding that an order granting withholding of removal must include an explicit order of removal because "in order to withhold removal, there must first be an order of removal that can be withheld").

Although the reinstatement of the removal order is not appealable to the BIA, the denial of withholding of removal is. Upon referral under 8 C.F.R. § 241.8(e), the asylum officer interviews the alien and issues a reasonable fear determination. If the asylum officer determines that the alien has a reasonable fear, the asylum officer refers the alien to an immigration judge (IJ) for consideration of an application for withholding of removal. 8 C.F.R. § 208.31(e). Either party can appeal the IJ's decision to the BIA. *Id.*

If, on the other hand, the asylum officer determines that there is not a reasonable fear of persecution or torture, the alien may seek review of that negative fear determination by an IJ. § 208.31(g). If the IJ reverses the asylum officer's negative

3

finding, the alien may apply for withholding of removal and, again, the IJ's decision on this application is appealable to the BIA.[2] § 208.31(g)(2).

## II.

Luna-Garcia is a native and citizen of Guatemala. A.R. 8. She was ordered removed to Guatemala in 2004 and executed that removal order when she left the United States and returned to Guatemala in 2007. A.R. 2-5. DHS encountered Luna-Garcia in the United States again on July 9, 2014 and reinstated the 2004 removal order on July 11, 2014. A.R. 1, 4-5. During the reinstatement process, Luna-Garcia expressed fear of harm if returned to Guatemala, and she was referred to an asylum officer. *See* A.R. 8. She filed her petition for review on August 11, 2014, before the asylum officer issued a reasonable fear determination.[3] The asylum officer later determined that Luna-Garcia did not have a reasonable fear of persecution, but an IJ has since reversed that negative fear finding, and Luna-Garcia is currently in withholding of removal proceedings before the

---

[2] If an IJ affirms an asylum officer's negative fear finding, the proceedings are complete. An alien cannot appeal an IJ's negative fear determination to the BIA. § 208.31(g)(1).

[3] The materials from Luna-Garcia's reasonable fear proceedings are not part of the certified administrative record, which contains only materials from the reinstatement process. Generally, our consideration of a petition for review is limited to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). This limitation applies, however, only to our review of a final order of removal, not to the antecedent jurisdictional question of whether the reinstated removal order is in fact a final order of removal. *See* § 1252(b) (limitation only applicable with respect to review of an order of removal under subsection (a)(1)). We always have an independent duty to inquire into our own jurisdiction. *McGeorge v. Cont'l Airlines, Inc.*, 871 F.2d 952, 953-54 (10th Cir. 1989). Here, the parties agree that Luna-Garcia was involved in reasonable fear proceedings prior to filing her petition for review, and the government has indicated, without opposition, that the asylum officer issued its determination on October 9, 2014. *See* Mot. to Dismiss at 5.

4

IJ. *See* Attach. A to Mot. to Dismiss (Order of the Immigration Judge, dated November 12, 2014).[4]

### III.

The Immigration and Nationality Act (INA) grants the courts of appeals jurisdiction to review only final orders of removal. 8 U.S.C. § 1252(a)(1); *Hamilton v. Gonzales*, 485 F.3d 564, 565 (10th Cir. 2007). The statute defines "order of removal" as an administrative order concluding that an alien is removable or ordering removal. 8 U.S.C. § 1101(a)(47)(A).[5] This court has held that a reinstated removal order is a final order of removal for purposes of judicial review under § 1252(a)(1). *Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 n.3 (10th Cir. 2003) (holding that this court has "jurisdiction to hear petitions for direct review of reinstatement orders under 8 U.S.C. § 1252"); *see also Fernandez-Vargas v. Ashcroft*, 394 F.3d 881, 884 (10th Cir. 2005) (referring to a reinstated removal order as "the functional equivalent of a final order of removal"). This court has not, however, addressed the point at which a reinstated removal order becomes final for purposes of calculating the time to petition for review.[6]

This point is critical because a petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). Timely filing is

---

[4] Again, Luna-Garcia does not challenge the authenticity of the IJ's order attached to the government's motion to dismiss.

[5] The statutory definition refers to "order of deportation." The terms "order of removal" and "order of deportation" are coterminous when interpreting the statute. *Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1143 n.5 (10th 2007).

[6] Neither *Duran-Hernandez* nor *Fernandez-Vargas* involved reasonable fear proceedings.

both mandatory and jurisdictional. *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003).

The INA defines finality in terms of the availability of review by the BIA: a removal order "becomes final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Because the reinstated removal order is not appealable to the BIA—review lies only with the courts of appeals—the statutory definition of finality provides little guidance for determining the point at which the reinstated removal order becomes final for purposes of calculating the time under § 1252(b)(1).

The term "final" in its usual legal sense means "ending a court action or proceeding leaving nothing further to be determined by the court or to be done except the administrative execution of the court's finding, but not precluding an appeal." *Webster's Third New Int'l Dictionary* 851 (1993); *see also Black's Law Dictionary* 747 (10th ed. 2014) (defining "final as "not requiring any further judicial action by the court that rendered judgment to determine the matter litigated; concluded"). In the civil context, a final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). With regard to agency action generally, the Supreme Court has said that to be final, agency action must "mark the consummation of the agency's decisionmaking process," and it must determine "rights or obligations" or occasion "legal consequences." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (internal quotations omitted) (considering finality

6

under the Administrative Procedures Act); *see also Sackett v. EPA*, 132 S.Ct. 1367, 1372 (2012) (concluding that agency order was final, in part, because its conclusions were not subject to further agency review).

When an alien pursues reasonable fear proceedings, the reinstated removal order is not final in the usual legal sense because it cannot be executed until further agency proceedings are complete. And, although the reinstated removal order itself is not subject to further agency review, an IJ's decision on an application for relief from that order is appealable to the BIA. Thus, the rights, obligations, and legal consequences of the reinstated removal order are not fully determined until the reasonable fear and withholding of removal proceedings are complete.

The Ninth Circuit, the only circuit to have directly addressed this question, held that a reinstated removal order does not become final until the reasonable fear proceedings are complete. *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012). The Ninth Circuit's decision was driven by a concern that treating a reinstated removal order as final despite ongoing reasonable fear proceedings would make it impossible for an alien to timely petition for review of any IJ decisions denying him relief or finding that he does not have a reasonable fear because the 30-day petition deadline would expire before these administrative decisions had been made. *Id.*

The Ninth Circuit's preference for treating the reinstated removal order and the denial of relief as a single unit for purposes of finality is consistent with caselaw holding that pending applications for relief render an order of removal nonfinal. *See, e.g.*, *Abdisalan v. Holder*, ---F.3d.---, Nos. 10-73215, 11-71124, 2014 WL 7012402 (9th Cir.

Dec. 15, 2014) (en banc) (holding that a BIA decision remanding some claims for relief to an IJ for further proceedings is not a final order of removal and does not trigger the 30-day period for filing a petition for review); *Chupina v. Holder*, 570 F.3d 99, 103-04 (2d Cir. 2009) (holding that BIA decision remanding case to IJ for further consideration of requests for relief was not a "final order of removal" even though the petitioner had conceded removability because the applications for relief could affect whether the petitioner could "in fact be removed" to his home country); *Yusupov v. Attorney General*, 518 F.3d 185, 196 n.19 (3d Cir. 2008) (noting that BIA remand to an IJ for a background check pertinent to the alien's eligibility for withholding of removal would not be a final order because the "background check could have affected [the alien's] eligibility for withholding of removal"); *Mahecha-Granados v. Holder*, 324 F. App'x 735, 738 (10th Cir. May 1, 2009) (unpublished) (holding that a BIA decision remanding for consideration of alternative requests for relief was not final, even though the petitioner had conceded removability, because the IJ had "before him claims seeking other 'impediments' to her removal"); *cf. Batubara v. Holder*, 733 F.3d 1040, 1042 (10th Cir. 2013) (noting that a BIA remand for proceedings having no potential for future relief from removal would be a final order of removal).

Moreover, several circuits have implicitly suggested, in the same or similar circumstances, that the order of removal was not final until the reasonable fear proceedings were complete by taking jurisdiction over petitions for review that were filed upon completion of the reasonable fear proceedings (and more than 30 days after the order of removal was issued). *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 144 (2d Cir.

8

2008) (removal order reinstated on December 28, 2006 and petition for review filed after reasonable fear proceedings were completed in July 2007); *Eke v. Mukasey*, 512 F.3d 372, 378 (7th Cir. 2008) (Final Administrative Removal Order issued on May 5, 2005 and petition for review filed after reasonable fear proceedings were completed in August 2006); *see also Neri-Garcia v. Holder*, 696 F.3d 1003, 1008 (10th Cir. 2012) (petition for review of denial of relief in reasonable fear proceedings was "timely filed" upon completion of the reasonable fear proceedings).

IV.

Based on the foregoing, we conclude that, where an alien pursues reasonable fear proceedings following the reinstatement of a prior order of removal, the reinstated removal order is not final until the reasonable fear proceedings are complete. We grant the government's motion and dismiss this petition for review for lack of jurisdiction.[7]

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[7] We grant Luna-Garcia's motion for leave to proceed *in forma pauperis*.