[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15359

_____

Agency No. A093-106-814

DINO JIMENEZ-MORALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Department of Homeland Security

_____

(May 2, 2016)

Before MARCUS, JORDAN, and WALKER,[*] Circuit Judges.

JORDAN, Circuit Judge:

In October of 2014, after having been removed to Colombia, Dino Jimenez-

Morales unsuccessfully tried to re-enter the United States without authorization

_____

[*] Honorable John M. Walker, Jr., Circuit Judge for the United States Court of Appeals for the
Second Circuit, sitting by designation.

near Hidalgo, Texas.  The Department of Homeland Security took Mr. Jimenez-Morales into custody and, acting pursuant to 8 U.S.C. § 1231(a)(5), administratively reinstated his 2011 order of removal on November 1, 2014.  *See* Supp. A.R. 48.  Because Mr. Jimenez-Morales expressed concern that he would be harmed if returned to Colombia, he was placed in a reasonable fear proceeding pursuant to 8 C.F.R. § 208.31.  In December of 2014, before the reasonable fear proceeding had concluded, Mr. Jimenez-Morales filed a petition for review in this court.

Prior to oral argument in this case, an asylum officer found that Mr. Jimenez-Morales did not have a reasonable fear of persecution or torture if he were removed to Columbia.  *See* Supp. A.R. 44-47. An immigration judge, following a hearing, ratified the asylum officer's finding.  The immigration judge found that Mr. Jimenez-Morales did not have a reasonable fear of persecution or torture, that he had no basis for withholding of removal, and that he could not obtain relief under the Convention Against Torture, 8 C.F.R. § 208.18.  *See* Supp. A.R. at 1-10. Pursuant to 8 C.F.R. 208.31(g)(1), no further administrative appeal was available to Mr. Jimenez-Morales from the immigration judge's decision.

# I

We first address whether we have jurisdiction to consider the petition. When Mr. Jimenez-Morales filed the petition for review in December of 2014,

2

DHS' reinstatement of the 2011 order of removal was not final because the reasonable fear proceeding was ongoing. That presents a jurisdictional problem because the Immigration and Nationality Act vests circuit courts with jurisdiction to review only "final" orders of removal. *See* 8 U.S.C. § 1252(a)(1); *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1284 (11th Cir. 2009).

We agree with the Ninth and Tenth Circuits that, where an alien pursues a reasonable fear proceeding following DHS' initial reinstatement of a prior order of removal, the reinstated removal order does not become final until the reasonable fear proceeding is completed. *See Ortiz-Alfaro v. Holder*, 694 F.3d 955, 958 (9th Cir. 2012); *Luna-Garcia v. Holder*, 777 F.3d 1182, 1186 (10th Cir. 2015). This is because the reinstated removal order cannot be executed (i.e., carried out) until the reasonable fear proceeding is over. *See Luna-Garcia*, 777 F.3d at 1185. The government is therefore correct that we did not have jurisdiction when Mr. Jimenez-Morales filed his petition for review.

But that is not the end of the matter. As noted, before we heard oral argument, an immigration judge found that Mr. Jimenez-Morales did not have a reasonable fear of persecution or torture, had no basis for withholding of removal, and could not obtain relief under the Convention Against Torture. With that decision, the reasonable fear proceeding came to an end, as no further administrative review was available to Mr. Jimenez-Morales. So the question we

3

must address is whether the conclusion of the reasonable fear proceeding made Mr. Jimenez-Morales' premature 2014 petition for review ripen into one that gave us jurisdiction.   The government says no, while Mr. Jimenez-Morales says yes. Exercising plenary review on this jurisdictional question, *see Alexis v. U.S. Att'y Gen.*, 431 F.3d 1291, 1293 (11th Cir. 2005), we agree with Mr. Jimenez-Morales.

The government's position finds support in decisions of the Fifth and Sixth Circuits. Those Circuits have ruled that if there is no judicially reviewable order at the time a petition for review is filed, jurisdiction does not exist under 8 U.S.C. § 1252(a)(1), and later events (e.g., the BIA's dismissal of an appeal) cannot cure that jurisdictional defect.  *See Moreira v. Mukasey*, 509 F.3d 709, 712–714 (5th Cir. 2007); *Jaber v. Gonzalez*, 486 F.3d 223, 228-30 (6th Cir. 2007).

The Second and Third Circuits, however, have come to a different conclusion.  They generally hold that if a petition for review is premature when filed, the petition becomes ripe (and jurisdiction vests) when subsequent agency action renders the initial ruling final, and the petition can be adjudicated if no action has been taken on the merits and there is no prejudice to the government. *See Herrera-Molina v. Holder*, 597 F.3d 128, 132 (2d Cir. 2010); *Khan v. U.S. Att'y Gen.*, 691 F.3d 488, 494 (3d Cir. 2012).

The question is not an easy one to answer, but we side with the Second and Third Circuits because their approach is consistent with how we have addressed

4

premature appeals in other contexts.  In *Robinson v. Tanner*, 798 F.2d 1378 (11th Cir. 1986), we harmonized our prior cases dealing with premature appeals and derived two principles from those decisions.  We explained that a premature notice of appeal is valid if it is filed from an order dismissing a claim or party, and is followed by a subsequent final judgment, even without a new notice of appeal being filed.  *See id.* at 1385 (citing *Jetco Elec. Indus. v. Gardiner*, 473 F.2d 1228, 1231 (5th Cir. 1973)).  In contrast, a premature notice of appeal filed from an interlocutory order that is not immediately appealable is not cured by a subsequent final judgment.  *See Robinson*, 798 F.2d at 1385 (citing *United States v. Taylor*, 632 F.2d 530, 531 (5th Cir. 1980)).

The scenario we have here is much closer to the first category of premature appeals described in *Robinson*.  We have held, and other circuits agree, that the reinstatement of a prior order of removal is appealable under 8 U.S.C. § 1252.  *See Avila,* 560 F.3d at 1284.  *See also Anderson v. Napolitano*, 611 F.3d 275, 277-78 (5th Cir. 2010); *Ponta-Garcia v. U.S. Att'y Gen.*, 557 F.3d 158, 163 (3d Cir. 2009); *Arevalo v. Ashcroft*, 344 F.3d 1, 9 (1st Cir. 2003).  Had Mr. Jimenez-Morales not alleged a reasonable fear of persecution and torture, he could have obtained immediate judicial review of the reinstatement of his 2011 removal order.

Stated differently, the initial reinstatement order here was not, in and of itself, an interlocutory and unreviewable act on the part of DHS. That order was

rendered non-final only because of the ongoing reasonable fear proceeding. So once the immigration judge ruled adversely to Mr. Jimenez-Morales in the reasonable fear proceeding, the reinstatement of the 2011 removal order became final. Given that we have not taken any action on the merits, and that the government has not alleged or shown any prejudice that would result from judicial review, we conclude that we have jurisdiction to consider the petition. *See Herrera-Molina*, 597 F.3d at 132; *Khan*, 691 F.3d at 494. *Cf. United States v. Curry*, 760 F.2d 1079, 1080 (11th Cir. 1985) (premature notice of appeal following jury verdict in criminal case was effective to perfect appeal as of date when defendant was sentenced). The government's motion to dismiss is therefore denied.

## II

On the merits, Mr. Jimenez-Morales argues that he is entitled to political asylum because he has shown that he suffered persecution in Colombia based on imputed political opinion and membership in two social groups. *See, e.g.,* Petitioner's Initial Br. at 8. The government responds that 8 U.S.C. § 1231(a)(5) renders Mr. Jimenez-Morales ineligible for asylum.

The full text of § 1231(a)(5) is as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or

6

reviewed, *the alien is not eligible and may not apply for any relief under this chapter,* and the alien shall be removed under the prior order at any time after the reentry.

(emphasis added).  The meaning and effect of this statutory provision presents a question of law.  *See Chandris, Inc. v. Latsis*, 515 U.S. 347, 369 (1995).  As explained below, we conclude that asylum is not available to Mr. Jimenez-Morales.

In relevant part, § 1231(a)(5) provides that an alien whose order of removal is reinstated "is not eligible and may not apply for any relief under this chapter." Both § 1231 and 8 U.S.C. § 1158, the statute governing asylum, are part of Chapter 12 of Title 8 of the U.S. Code.  As asylum is a form of relief from removal, *see Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 491 (9th Cir. 2007) (en banc) ("[t]he types of relief from removal include . . . asylum"), we join the Second and Fifth Circuits in holding that a person like Mr. Jimenez-Morales is not eligible for and cannot seek asylum.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489-90 (5th Cir. 2015); *Herrera-Molina*, 597 F.3d at 139.

One final matter warrants discussion.  The Supreme Court has written in dicta that, despite § 1231(a)(5)'s "absolute terms in which the bar on relief is stated," an alien whose prior order of removal is reinstated may seek withholding of removal (which it has described as "the possibility of asylum").  *See Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 n.4 (2006).  This language from *Fernandez-*

7

*Vargas*, however, does not mean that asylum is available to someone like Mr. Jimenez-Morales.  As the Second Circuit has explained, the regulations cited by the Supreme Court in *Fernandez-Vargas*—8 C.F.R. §§ 208.31(e) & 241.8(e)—deal only with the withholding of removal and do not address asylum.  *See Herrera-Molina*, 597 F.3d at 139 n.8.

## III

Because Mr. Jimenez-Morales is not eligible for asylum, we deny his petition.

**PETITION DENIED.**