[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10754
Non-Argument Calendar
_____

Agency No. A205-468-936

EDGAR ISRAEL VAIL LUCAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Department of Homeland Security

_____

(June 16, 2016)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Edgar Lucas seeks review of the Department of Homeland Security's ("DHS") reinstatement of his May 19, 2012 expedited removal order. On appeal, Lucas's petition for review argues that: (1) he should be allowed to apply for asylum as relief from his reinstated removal order; and (2) the immigration judge ("IJ") erred by concurring with the asylum officer's adverse reasonable fear determination. After review, we dismiss in part and deny in part Lucas's petition for review.

## I.  BACKGROUND FACTS

### A.    Prior Illegal Entries and Removals

On May 10, 2012, Lucas, a citizen of Guatemala, illegally entered the United States by crossing the Rio Grande River in Texas. On May 19, 2012, a DHS border patrol agent issued an order of expedited removal pursuant to Immigration and Nationality Act ("INA") § 235(b)(1)(A), 8 U.S.C. § 1225(b)(1)(A). The expedited removal order found that Lucas was inadmissible under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid entry document. Pursuant to the expedited removal order, Lucas was removed from the United States on June 19, 2012.

Over the next year, border patrol agents encountered Lucas at the U.S. border attempting to enter the United States three more times (in September 2012,

December 2012, and March 2013).  Each time, DHS reinstated Lucas's expedited removal order, and Lucas was again removed to Guatemala.

**B.    Illegal Reentry Conviction and Reinstatement of Removal Order**

In 2014, law enforcement intercepted mail with a Florida address that contained Lucas's Guatemalan identification.  Investigation confirmed that Lucas had unlawfully reentered the United States and was living at the Florida address. Lucas was arrested.  In 2015, Lucas pled guilty to reentry after deportation, in violation of 8 U.S.C. § 1326(a), and was sentenced to time served.

Lucas was remanded to the custody of Immigration and Customs Enforcement pending reinstatement of his previous removal order and a fifth removal.  On January 21, 2015, pursuant to INA § 241(a)(5), 8 U.S.C. § 1231(a)(5), DHS issued a combined notice of intent/decision to reinstate the 2012 expedited removal order because Lucas was an alien who illegally reentered the United States after being previously deported.

**C.    Reasonable Fear Proceeding**

At some point during his detention, Lucas expressed a fear of returning to Guatemala, and, pursuant to 8 C.F.R. §§ 241.8(e) and 208.31, was referred to an asylum officer for a reasonable fear determination.  At his February 20, 2015 reasonable fear interview, Lucas said he was afraid of the Maras, a gang in Guatemala.  According to Lucas, members of the Maras grabbed him off the street

3

in 2011, took him into the mountains, and threatened him so that he would join the gang. Lucas said that the gang members wanted him to give them information about business people in his village so the gang could kidnap and extort money from them. Lucas convinced the gang members to release him while he considered their offer. The gang members told Lucas they would give him a phone that the gang would call to get his answer. Lucas reported the incident to the police in a neighboring village, who did nothing. Lucas moved to another area to work and then travelled to the United States.

The asylum officer determined that Lucas was credible, but that he did not have a reasonable fear of persecution or torture if returned to Guatemala. Specifically, the asylum officer found that Lucas failed to establish that the harm he experienced or feared was on account of a protected ground or that the harm would be inflicted with the consent or acquiescence of a Guatemalan public official. Lucas requested review of the reasonable fear determination by an IJ.

On February 23, 2015, before the reasonable fear proceeding had concluded, Lucas filed this petition for review of the DHS's decision to reinstate his 2012 expedited removal order. On March 11, 2015, while this appeal was pending, the IJ issued an order concurring with the asylum officer's reasonable fear

determination.[1]  The IJ agreed that Lucas had failed to demonstrate a nexus to a protected ground and government acquiescence.

## II.  DISCUSSION

### A.    Timeliness of Lucas's Petition for Review

The government moved this Court to dismiss Lucas's petition as untimely because it was filed 33 days after the January 21, 2015 reinstatement of his expedited removal order.  For the reasons that follow, we conclude that jurisdiction to review Lucas's petition vested on March 11, 2015, when the reasonable fear proceeding concluded, and we deny the government's motion.[2]

A petitioner seeking to challenge a final order of removal must file a petition for review within 30 days of the order's issuance.  INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); Fed. R. App. P. 15(a)(1); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2004).  The statutory deadline for filing a petition for review in an immigration proceeding is mandatory and jurisdictional and not subject to equitable tolling.  Chao Lin v. U.S. Att'y Gen., 677 F.3d 1043, 1045 (11th Cir. 2012).

---

[1]Under the regulation governing reasonable fear proceedings, there is no further administrative review by the Board of Immigration Appeals. See 8 C.F.R. § 208.31(f), (g)(1). The government agrees that "an appeal may be taken directly to" this Court from the IJ's order concurring in the asylum officer's reasonable fear determination.

[2]"We review de novo our own subject matter jurisdiction." Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1283 (11th Cir. 2009).

In addition, this Court generally has jurisdiction to review only final orders of removal.  See 8 U.S.C. § 1252(a), (b)(9), (d); Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005).  An order of reinstatement of a removal order is reviewable as a final order.  Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1284 (11th Cir. 2009).  However, "where an alien pursues a reasonable fear proceeding following DHS' initial reinstatement of a prior order of removal, the reinstated removal order does not become final until the reasonable fear proceeding is completed."  Jimenez-Morales v. U.S. Att'y Gen., ___ F.3d ___, ___, No. 14-15359, 2016 WL 1732663, at *1 (11th Cir. May 2, 2016).  Furthermore, if the alien files a premature notice of appeal—that is, before the reasonable fear proceeding has concluded—the petition becomes ripe and jurisdiction vests "once the immigration judge rule[s] adversely to" the alien, "and the petition can be adjudicated if no action has been taken on the merits and there is no prejudice to the government."  Id. at *2.

Here, Lucas filed his petition for review prematurely because his reasonable fear proceeding was not yet complete.  However, his petition became ripe on March 11, 2015, when the IJ concurred in the asylum officer's reasonable fear determination.  Furthermore, this Court has not taken action on the merits, and the government has not argued in either its motion to dismiss the appeal or its merits

brief that any prejudice would result from judicial review. Accordingly, we conclude that we have jurisdiction to review Lucas's petition.

**B.    Merits of Lucas's Petition for Review**

As an initial matter, Lucas argues that he asked to file an asylum application in May 2012, when he was originally detained, but he was not allowed to do so. He also contends that he should "be able to examine" the records of his prior removals pursuant to his expedited removal order to see if he "had expressed a fear to return to Guatemala as he claims, and whether he was afforded the opportunity to pursue a claim for political asylum on each of those occasions." But expedited removal orders issued pursuant to 8 U.S.C. § 1225(b)(1) are not subject to judicial review except in very limited circumstances not applicable here. See INA § 242(a)(2)(A), (e), 8 U.S.C. § 1252(a)(2)(A), (e) (limiting review to certain discrete claims raised only in habeas corpus proceedings); see also Shunaula v. Holder, 732 F.3d 143, 145-47 (2d Cir. 2013) (concluding that § 1252(a)(2)(A) and (e) barred review of petition for review of an expedited removal order); Kahn v. Holder, 608 F.3d 325, 329-31 (7th Cir. 2010) (same); Garcia de Rincon v. Dep't of Homeland Sec., 539 F.3d 1133, 1138-39 (9th Cir. 2008) (concluding that § 1252(a)(2)(A) and (e) barred review of petition for review of a reinstated expedited removal order); Lorenzo v. Mukasey, 508 F.3d 1278, 1281 (10th Cir.

2008) (same).[3]  Thus, to the extent Lucas attacks his underlying expedited removal order entered on May 18, 2012 or any of his prior removals pursuant to that order, we dismiss his petition for lack of jurisdiction.

Although we have jurisdiction to review a reinstatement order, see Avila, 560 F.3d at 1284, Lucas does not challenge the immigration officer's 2015 decision to reinstate his 2012 expedited removal order.  Specifically, Lucas does not challenge the immigration officer's findings that Lucas "has been subject to a prior order of removal," that Lucas is in fact the alien previously removed, and that Lucas unlawfully reentered the United States.  See 8 C.F.R. § 241.8(a)(1)-(3).  Thus, Lucas has abandoned any claim as to the decision to reinstate his expedited removal order.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Rather, Lucas argues that despite reinstatement of his removal order, he was statutorily entitled to apply for asylum under 8 U.S.C. § 1158.  Pursuant to § 1231(a)(5), however, illegal reentrants who, like Lucas, are subject to reinstated removal orders are "not eligible and may not apply for" asylum under § 1158.  See 8 U.S.C. § 1231(a)(5) (precluding aliens who have illegally reentered the United

_____

[3]We note, in any event, that Lucas's counseled petition for review does not raise any of the permitted claims that would be reviewable in a habeas proceeding pursuant to 8 U.S.C. § 1252(e)(2).  That is, Lucas does not dispute that he is an alien who has been ordered removed pursuant to an expedited removal order, and he does not contend that he has already been admitted to the United States as a lawful permanent resident, a refugee, or an asylee.  Instead, Lucas argues that he is entitled to relief from removal, a claim that 8 U.S.C. § 1252(e)(5) explicitly precludes from habeas review.

States from applying "for any relief under this chapter," which includes asylum under § 1158); Jimenez-Morales, ___ F.3d ___, 2016 WL 1732663, at *3 (concluding that § 1231(a)(5) renders an illegal reentrant subject to a reinstatement order ineligible for asylum).

Instead, the only relief Lucas could pursue at the reinstatement stage is withholding of removal under either § 1231(b)(3) or the Convention Against Torture ("CAT") via a reasonable fear proceeding. See 8 C.F.R. § 241.8(e); Fernandez-Vargas v. Gonzalez, 548 U.S. 30, 34-35 & n.4, 126 S. Ct. 2422, 2426 & n.4 (2006).[4] Thus, we consider only whether substantial evidence supports the IJ's adoption of the asylum officer's adverse reasonable fear determination, which in effect, denied Lucas's request for withholding of removal.[5]

We conclude that substantial evidence supports the IJ's adoption of the asylum officer's adverse reasonable fear determination. Lucas's statements in his reasonable fear interview failed to demonstrate that his life or freedom "more likely than not" would be threatened in Guatemala on account of his race, religion, nationality, membership in a particular social group, or political opinion. See

---

[4]Because Lucas's petition for review does not address relief from removal under CAT or argue that he fears torture, he has abandoned any CAT claim. See Sepulveda, 401 F.3d at 1228 n.2.

[5]The government argues that this Court should apply a "facially legitimate and bona fide reason standard" rather than the substantial-evidence test. Because Lucas's claim fails even under the less deferential substantial evidence test, we need not address the government's argument regarding the appropriate standard of review.

Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1238 (11th Cir. 2007) (quotation marks omitted); INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).  People who are targeted by a criminal gang because they oppose or refuse to join the gang are not members of "a particular social group," and are not being persecuted on account of their "political opinion" within the meaning of 8 U.S.C. § 1231(b)(3)(A).  See Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1310-11 (11th Cir. 2013) (concluding family targeted by drug trafficking organization for refusing to cooperate did not establish a nexus to membership in a particular social group); Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1196-98 (11th Cir. 2006) (concluding that noncriminal informants working against a drug cartel were not members of a particular social group); Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) ("[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground."); cf. Gonzalez v. U.S. Att'y Gen., ___ F.3d ___, No. 15-12878, 2016 WL 1567121, *2, *4-5 (11th Cir. 2016) (concluding that former members of the Honduran Mara-18 gang who would be targeted for leaving the gang were not members of a particular social group). Furthermore, Lucas has not shown that he is likely to suffer harm by, or with the acquiescence of, the Guatemalan government.

### III.  CONCLUSION

In sum, the government's motion to dismiss Lucas's petition for review as untimely is **DENIED**.  To the extent Lucas challenges his 2012 expedited removal order and his prior removals, we dismiss his petition for review for lack of jurisdiction.  To the extent Lucas challenges the 2015 reinstatement of removal order and the adverse reasonable fear determination, Lucas's petition for review is denied.

**PETITION DISMISSED IN PART AND DENIED IN PART.**