[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12520

Non-Argument Calendar

_____

FREDERICK HENRY,

Plaintiff-Appellant,

*versus*

OKEECHOBEE COUNTY SHERIFF'S
OFFICE,
a Florida Governmental Entity,
SHERIFF OF OKEECHOBEE COUNTY,
in his official capacity,
BRANDON WILSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cv-14451-DMM

_____

Before WILSON, JORDAN, and MARCUS, Circuit Judges.

PER CURIAM:

Frederick Henry appeals from two district court orders entered in favor of Noel Stephen in his official capacity as the Sheriff of Okeechobee County -- one partially dismissing Henry's complaint and a second denying Henry's motion to amend the complaint. Henry sued Sheriff Stephen and Correctional Officer Brandon Wilson, alleging one count of negligence under Florida state law, two counts of Eighth and Fourteenth Amendment violations for inadequate conditions of confinement and a failure to train under 42 U.S.C. § 1983, and one count of disability discrimination under the Americans with Disabilities Act ("ADA"). At the motion to dismiss stage, the district court dismissed the three federal claims against Stephen and all four claims against Wilson. Then, after the deadline to amend his complaint had passed, Henry moved to amend his complaint to provide more facts about his ADA and negligence claims. The district court denied that motion.

On appeal, Henry challenges the district court's order dismissing his ADA claim against Sheriff Stephen and its order

denying his motion to amend his complaint.  After careful review, we conclude that we do not have jurisdiction over the order denying the motion to amend, but we affirm the order dismissing the ADA claim.

## I.

The relevant facts, as alleged in Henry's first amended complaint, are these.  Henry was a pretrial detainee in Okeechobee County Jail.  He suffers from paraplegia and requires a wheelchair to move around.  Henry explained that when he was detained, the jail provided him with a wheelchair, but it could not fit through the entrance of his holding cell.  As a result, Officer Wilson put Henry in a room used by attorneys visiting with inmates.  According to Henry, that room did not have a bed, so Wilson placed a mattress on top of a desk and helped Henry onto the desk to sleep.  In the middle of the night, Henry fell from the desk and suffered injuries. When Henry told Wilson about his injuries, Wilson allegedly refused to help and instructed Henry to lay on the floor with the mattress.  Henry says he continued to complain about leg and back pain until he was transported to Raulerson Hospital, where he received diagnoses of neck, hip, and back sprains, knee pain, and a contusion.

Thereafter, Henry sued the Okeechobee County Sheriff's Office and Sheriff Noel Stephen, in his official capacity, in Florida

state court.[1]  In that complaint, Henry brought the Florida negligence claim, in addition to the three federal claims -- the Eighth and Fourteenth Amendment violation under § 1983 for inadequate conditions of confinement, the Eighth and Fourteenth Amendment violation under § 1983 for failure to train, and the ADA violation for disability discrimination.  The defendants properly removed the case to the United States District Court for the Southern District of Florida.  After removal, Henry amended his complaint, adding Officer Wilson as a defendant in his individual and official capacities under all four counts.  Officer Wilson then moved to dismiss all four counts, and Sheriff Stephen moved to dismiss the three federal counts.

On June 15, 2021, the district court granted the motion to dismiss all four counts against Officer Wilson.  The court also granted the motion to dismiss the two § 1983 claims and the ADA claim against Sheriff Stephen without prejudice, expressing skepticism that any amendment could state a claim but permitting one by June 25 "in an abundance of caution."  That deadline to amend the complaint passed, and Henry did not amend the complaint.  At that point, then, all that remained for the district court to decide was the outstanding negligence claim against Stephen, which

---

[1] A suit against an officer in his official capacity "is simply another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quotations omitted).  So a suit against Sheriff Stephen is the same as a suit against the Okeechobee County Sheriff's Office.

Stephen had not moved to dismiss. On July 7, the district court ordered Henry to reply by the next day to confirm that he was forgoing any amendment to the three federal claims. Henry responded that he did not plan to amend the complaint and expressed his intent to file a motion for the district court to reconsider its order dismissing his ADA claim.

Sure enough, on July 13, Henry moved the district court to reconsider its order dismissing his ADA claim. The district court denied the motion the next day. Then, on July 16, Henry moved to amend his complaint. His proposed second amended complaint contained only two counts -- one for negligence under Florida law and one for disability discrimination under the ADA -- and alleged more facts to support those claims. On July 20, Sheriff Stephen moved for summary judgment on the only remaining count (the negligence claim) from the first amended complaint, and, a few days later, he filed a response opposing Henry's motion to amend the complaint. On July 27, without commenting on the merits of the proposed second amended complaint, the district court denied the motion to amend for failure to show good cause under Federal Rule of Civil Procedure 16. Henry then appealed the district court's order granting the motion to dismiss the ADA claim and its order denying the motion to amend.

Notably, at the time of appeal, Henry's negligence claim remained live, and Stephen's motion for summary judgment on that claim was still pending. After he filed the notice of appeal, however, Henry moved to remand the negligence claim to state court.

Over Stephen's opposition, the district court agreed and remanded the negligence claim to Florida state court and closed the case.

This timely appeal follows.

## II.

For starters, we must evaluate, on *de novo* review, whether we have appellate jurisdiction. *See Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1250 (11th Cir. 2008); *Van Poyck v. Singletary*, 11 F.3d 146, 148 (11th Cir. 1994). "To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). We first consider the district court order granting the motion to dismiss, and then its order denying the motion to amend the complaint. The punchline is that we have jurisdiction over the former, but not the latter.

Usually, we judge whether an appeal is timely based on the date of the notice of appeal. *See* Fed. R. App. P. 3(d)(1). If, by that date, the court entered an order "that ends the litigation on the merits and leaves nothing for the courts to do but execute the judgment," then there is an appealable final order. *Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty.*, 947 F.3d 1362, 1370 (11th Cir. 2020) (quotations omitted); *see also* 28 U.S.C. § 1291. In this case, on the date of the notice of appeal, Henry's negligence claim against Stephen was still pending. Thus, the order

granting Stephen's motion to dismiss the three federal counts was not an appealable final order.

That said, "we have appellate jurisdiction over interlocutory orders through a limited number of pathways," including statutes, rules, and judge-made doctrines. *Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1345 (11th Cir. 2022). First, among other things, a district court may certify for appeal "an order not otherwise appealable" if it "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Second, a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay," pursuant to Federal Rule of Civil Procedure 54(b). Third, a party can seek review under the judge-made collateral order doctrine if the interlocutory order "(1) conclusively determine[s] a disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) present[s] a question that would be effectively unreviewable on appeal from a final judgment." *Jenkins*, 32 F.4th at 1345 (quotations omitted). Fourth, under the doctrine of practical finality, we review an order that "direct[s] immediate execution and subject[s] the losing party to irreparable harm if appellate review is delayed until conclusion of the case." *Acheron Capital, Ltd. v. Mukamal as Tr. of Mut. Benefits Keep Pol'y Tr.*, 22 F.4th 979, 992 (11th Cir. 2022). Fifth, we occasionally allow review of "an order of marginal finality . . . if the question presented is fundamental to further conduct of the case." *Atl. Fed. Sav. & Loan*

*Ass'n of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc.*, 890 F.2d 371, 376 (11th Cir. 1989). However, none of these longstanding exceptions apply here, nor do the parties argue otherwise.

One avenue remains for Henry: cumulative finality. Under the doctrine of cumulative finality, "a premature notice of appeal is valid if it is filed from an order dismissing a claim or party, and is followed by a subsequent final judgment, even without a new notice of appeal being filed." *Jimenez-Morales v. U.S. Att'y Gen.*, 821 F.3d 1307, 1309 (11th Cir. 2016); *accord Robinson v. Tanner*, 798 F.2d 1378, 1385 (11th Cir. 1986); *United States v. Olvarrieta*, 812 F.2d 640, 642 (11th Cir. 1987); *Govern v. Meese*, 811 F.2d 1405, 1408 (11th Cir. 1987); *Kramer v. Unitas*, 831 F.2d 994, 997 (11th Cir. 1987); *Fehlhaber v. Fehlhaber*, 941 F.2d 1484, 1486 n.1 (11th Cir. 1991). Our inquiry under the doctrine is twofold. First, we must decide whether the interlocutory order dismissing some of Henry's claims was immediately appealable under Rule 54(b). Second, if it was immediately appealable under Rule 54(b), then we must decide if it was followed by a subsequent final judgment while the appeal was pending that cured the initial jurisdictional defect.

We begin with the first inquiry: whether, at the time of the notice of appeal, the order was immediately appealable under Rule 54(b). At the time the order was issued, it was interlocutory for two separate reasons: (1) Henry's negligence claim against Sheriff Stephen was still pending; and (2) the order dismissed the three federal claims without prejudice, leaving Henry a chance to amend his complaint. By the time Henry filed his notice of appeal,

however, Henry missed the court-ordered deadline to amend. As soon as the deadline passed, the order became final on the three dismissed federal claims. *See Briehler v. City of Miami*, 926 F.2d 1001, 1002 (11th Cir. 1991). Therefore, the order was "a final judgment as to one or more, but fewer than all, claims." *See* Fed. R. Civ. P. 54(b). As a result, the order granting his motion to dismiss passes step one of the inquiry.

Next up is whether the district court entered a final judgment, dismissing the remaining negligence claim, after Henry filed his notice of appeal. While his appeal was pending, on Henry's motion, the district court remanded the negligence claim back to Florida state court and closed the case, leaving nothing else for the district court to do. A notice of appeal does "not divest the district court of jurisdiction over collateral matters not affecting the questions presented on appeal." *Doe, 1–13 ex rel. Doe Sr. 1–13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001). So the district court retained the power to decide how to handle the remaining negligence claim. Moreover, the district court's order remanding the case to state court and closing the federal case acted as a subsequent final judgment. *See Florida Polk County v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 (11th Cir. 1999) ("The district court's remand orders are final in the sense that they terminated the controversy in federal court.").

All told, under the doctrine of cumulative finality, the remand order cured what had previously been a premature appeal from the district court's order of dismissal. *See Jimenez-Morales*,

821 F.3d at 1309. And, therefore, we have jurisdiction to entertain Henry's appeal from the dismissal of his ADA claim against the Sheriff in his official capacity.

By contrast, we do not have jurisdiction to review the district court order denying Henry's motion to amend his complaint. An order denying a motion to amend the complaint is not a final judgment, *see* 28 U.S.C. § 1291, nor does it fall under any of the exceptions to the final judgment rule we have already discussed, *see Jenkins*, 32 F.4th at 1345–46; *Acheron Capital*, 22 F.4th at 992; *Atl. Fed. Sav. & Loan Ass'n*, 890 F.2d at 376. Furthermore, the doctrine of cumulative finality does not apply. The order denying the motion to amend did not dismiss a claim or party and remained an unappealable interlocutory order. *See* Fed. R. Civ. P. 54(b). The subsequent remand did not affect the appealability of that order, either. *See Jimenez-Morales*, 821 F.3d at 1309 ("[A] premature notice of appeal filed from an interlocutory order that is not immediately appealable is not cured by a subsequent final judgment.").

Nor can we exercise pendent appellate jurisdiction over the district court's order denying the motion to amend. The doctrine of pendent appellate jurisdiction "allows us to address [otherwise] nonappealable orders if they are inextricably intertwined with an appealable decision or if review of the former decision [is] necessary to ensure meaningful review of the latter." *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017) (quotations omitted). Neither exception applies here. Henry's motion to amend is not inextricably intertwined with the motion to dismiss. Matters are

"inextricably intertwined" if they involve the same facts and law. *Id.* But a motion to amend a complaint after a deadline requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998), and whether Henry had good cause to amend the operative complaint is wholly unrelated to whether he stated an ADA claim in the operative complaint. Moreover, review of the order granting the motion to dismiss does not require review of the order denying the motion to amend. The motion to dismiss concerns the first amended complaint, and the motion to amend concerns the proposed second amended complaint. A decision about the former would never depend on or cross paths with a decision about the latter. Accordingly, we do not have jurisdiction over the order denying the motion to amend.

### III.

With that, we return to the order dismissing Henry's ADA claim. "We review *de novo* the grant of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009). In so doing, "we accept the factual allegations supporting a claim as true and draw all reasonable inferences in favor of the nonmovant." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1275 (11th Cir. 2018).

Henry's claims arose under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public

entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To state a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a 'qualified individual with a disability;' (2) that he was 'excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity' or otherwise 'discriminated [against] by such entity;' (3) 'by reason of such disability.'" *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (quoting 42 U.S.C. § 12132). In most cases, a plaintiff receives injunctive relief from an ADA violation, *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019), but Henry only appeals the dismissal of his claim for compensatory damages.[2]

To receive compensatory damages, the "plaintiff must clear an additional hurdle: he must prove that the entity that he has sued engaged in intentional discrimination, which requires a showing of deliberate indifference." *Id.* (quotations omitted). Deliberate indifference "is an 'exacting standard,' which requires showing more than gross negligence." *McCullum v. Orlando Regional Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014) (citation omitted). "To establish deliberate indifference, a plaintiff must show that the defendant *knew* that harm to a federally protected right was substantially likely and *failed* to act on that likelihood."

---

[2] Henry originally requested injunctive and declaratory relief under the ADA, too. The district court dismissed those requests for relief as moot because Henry had been released from pretrial detention. *See McKinnon v. Talladega City*, 745 F.2d 1360, 1363 (11th Cir. 1984). Henry does not challenge that dismissal on appeal.

21-12520               Opinion of the Court               13

*Id.* (emphasis in original) (quotations omitted). "Moreover, in order to hold a government entity liable, the plaintiff must demonstrate that an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [entity's] behalf had actual knowledge of discrimination in the [entity's] programs and fail[ed] adequately to respond." *Silberman*, 927 F.3d at 1134 (quotations omitted).

Here, we are unpersuaded by Henry's claim that the district court erred in dismissing the ADA count because Henry failed to allege facts sufficient to prove Sheriff Stephen acted with discriminatory intent. As we've noted, a suit against Sheriff Stephen in his official capacity is a suit against Okeechobee County, *Busby*, 931 F.2d at 776, so Henry must allege, among other things, facts sufficient to prove Sheriff Stephen or some other high-up official knew about the alleged discrimination and failed to respond, *Silberman*, 927 F.3d at 1134 ("To qualify, that 'official' must be "'high enough up the chain-of-command that his [or her] acts constitute an official decision by the [entity] not to remedy the misconduct.'" (citation omitted)). According to the complaint, only Officer Wilson put Henry in the attorney consultation room, helped Henry onto the mattress he had placed on the desk, and later ignored Henry's pleas for medical attention. As a corrections officer, however, Officer Wilson "simply [isn't] high enough up the org chart to permit a reasonable inference that, through [his] actions, [he] speak[s] for [the County] as a whole." *Id.* at 1135.

As for the specific actions of Sheriff Stephen, Henry broadly claims that the Sheriff engaged in ADA violations by failing to train officers, make the jail wheelchair accessible, or maintain safe conditions for disabled detainees.  But he does not allege -- nor even remotely suggest -- that Sheriff Stephen knew about Officer Wilson's decision to have Henry sleep on a mattress atop a desk in a room for legal consultations.  Nothing in the complaint could be read to say that Stephen had "actual knowledge" of the supposed discrimination here.  *Id.* at 1134.

Nor can we grant relief based on Henry's claim -- raised for the first time in his brief on appeal -- that he was illegally segregated from nondisabled detainees under *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999).  In *Olmstead*, the Supreme Court held that "[u]njustified isolation" of mentally disabled individuals "is properly regarded as discrimination based on disability."  527 U.S. at 597.  Notably, however, Henry did not allege unlawful segregation in his complaint, focusing instead only on a claim of inadequate accommodations in his sleeping arrangement.  He cannot now "use his briefing to add new allegations and argue that those new assertions support his cause of action."  *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 705 (11th Cir. 2016) (declining to consider arguments that "depend[ed] on facts that were not pled in [the appellant's] complaint").  Regardless, even if Henry had alleged an unlawful segregation, he still failed to offer any facts sufficient to prove deliberate indifference by Sheriff Stephen or any other high-up official.  Without deliberate indifference, Henry did not state a

claim for compensatory damages under the ADA.  Accordingly, we affirm the district court's order dismissing Henry's ADA claim.

**AFFIRMED.**