[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11045

Non-Argument Calendar

_____

JUAN JOSE HERNANDEZ DOMINGO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A098-801-117

_____

Before JILL PRYOR, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Juan Hernandez Domingo seeks review of the Department of Homeland Security's ("DHS") February 21, 2023 order reinstating his October 2005 order of removal.   The government moves to dismiss the petition for review for lack of jurisdiction.  Hernandez Domingo has not filed a response to the motion.

The government argues that our decision in *Jimenez-Morales v. U.S. Att'y Gen.*, 821 F.3d 1307 (11th Cir. 2016) has been abrogated by later Supreme Court decisions and, thus, Hernandez Domingo's petition is untimely.  Alternatively, the government argues that the petition is premature as the reinstatement order is not final because withholding-only proceedings remain pending.  We need not decide whether *Jimenez-Morales* has been abrogated because we lack jurisdiction in any event.

If the reinstatement order was final when DHS issued it on February 21, 2023, the petition for review is untimely and we lack jurisdiction to consider it.  In that case, the statutory time limit required Hernandez Domingo to file his petition for review no later than March 23, 2023, which was 30 days after DHS issued the February 21, 2023 reinstatement order, and Hernandez Domingo did not file his petition until April 3, 2023.  *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1284 (11th Cir. 2009) (holding that an order of

23-11045                Opinion of the Court                3

reinstatement of a removal order is reviewable on appeal as a final order); *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045-46 (11th Cir. 2012) (noting that the statutory time limit for filing a petition for review in an immigration proceeding is mandatory, jurisdictional, and not subject to equitable tolling). If the reinstatement order has not become final because the withholding-only proceedings are pending, the petition for review is premature and cannot invoke our jurisdiction. *See Jimenez-Morales*, 821 F.3d at 1308-09.

Accordingly, the government's motion to dismiss is GRANTED and this appeal is DISMISSED for lack of jurisdiction.[1]

---

[1] All other pending motions are DENIED as moot.