**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10798

Non-Argument Calendar

_____

ULIOMEREYON HENRY JONES,

                                                                                    *Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

                                                                                    *Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A073-805-476

_____

Before NEWSOM, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Henry Uliomereyon Jones, proceeding pro se, filed a petition for review (the "Petition") of a notice of intent to issue a final administrative removal order (the "Notice") issued by the

Department of Homeland Security ("DHS") on February 25, 2025. Jones also challenges the termination of his underlying removal proceedings.

Jones certified that he delivered the Petition to authorities at an immigration detention facility for mailing on February 28, 2025. DHS issued a final administrative removal order (the "FARO"), ordering Jones removed to Nigeria, on March 8, 2025.

In a jurisdictional question, we asked the parties to address whether the Petition was premature as to the FARO. The Attorney General argues that we lack jurisdiction to review the Notice, that the Petition was premature as to the FARO, and that the subsequent issuance of the FARO did not cure that prematurity. Jones argues that we have jurisdiction, under the collateral order doctrine, to review the Notice and the termination of his removal proceedings. We agree with the Attorney General.

Consistent with Jones's representations, we conclude that he seeks review of the Notice and the termination of his removal proceedings. Indeed, the record suggests that Jones was not aware of the FARO when he filed the Petition, which is deemed filed on February 28. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (discussing the prison mailbox rule in the context of an appeal from the denial of a 28 U.S.C. § 2254 petition); Fed. R. App. P. 4(c)(1) (describing the rule, as applicable to notices of appeal filed in the district court); *id.* R. 25(a)(2)(A)(iii) (describing the rule, as applicable to filings in this Court).

We lack jurisdiction over the Petition for several reasons. First, neither the Notice nor the termination of Jones's removal proceedings was a final order of removal, so neither is reviewable as such. *See Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) ("Under . . . 8 U.S.C. § 1252(a)(1), we are limited to reviewing final orders of removal." (cleaned up)); 8 U.S.C. § 1228(b)(4) (describing the procedures for issuing a FARO); 8 C.F.R. § 238.1(b)-(d) (same); *see also* 8 U.S.C. § 1228(b)(3) (providing for judicial review of FAROs); 8 C.F.R. § 238.1(h) (suggesting the same). Second, Jones's reliance on the collateral order doctrine is misplaced, as neither the Notice nor the termination of Jones's removal proceedings would be immediately appealable under that doctrine because they concerned the same "merits"—Jones's removal—as the eventual FARO. *See Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 989 (11th Cir. 2022) (explaining that, in civil cases in the district courts, the doctrine allows for appeal of a non-final order if it conclusively resolves an important issue completely separate from the merits of the action and would be effectively unreviewable on appeal from an eventual final judgment). Third, the issuance of the FARO did not cure, or retroactively validate, the premature Petition because the Notice was an interlocutory act performed as part of the FARO process. *See Jimenez-Morales v. U.S. Att'y Gen.*, 821 F.3d 1307, 1308-09 (11th Cir. 2016); 8 U.S.C. § 1228(b)(4); 8 C.F.R. § 238.1(b)-(d).

Accordingly, Jones's Petition is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.